JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRIGO CASTRO,<br><br>    Plaintiff,<br><br>  v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 2:23-cv-01891-FLA (RAOx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

1

**RULING**

On February 16, 2023, Plaintiff Jose Abrigo Castro ("Plaintiff" or "Abrigo Castro") initiated this action against Defendant Ford Motor Company ("Defendant" or "Ford") in the Los Angeles County Superior Court. Dkt. 1-1. The Complaint alleges three causes of action for violation of the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code § 1970, et seq. *Id.* Plaintiff seeks actual damages, civil penalties, and attorney's fees. *Id.* at 19.[1]

On March 14, 2023, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1 ("NoR"). In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000. *Id.* at 3.

On August 30, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy ("OSC"). Dkt. 20. Both Plaintiff and Defendant filed responses. Dkt. 21 ("Def. Resp."); Dkt. 22 ("Pl. Resp.").

Having reviewed the Notice of Removal and the parties' responses to the OSC, the court finds Defendant fails to establish subject matter jurisdiction and REMANDS this action to the Los Angeles County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte

---

[1] The court cites documents by the page numbers added by the CM/ECF system, rather than any page numbers listed on documents natively.

before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

### A.     Actual Damages

At issue here is whether the amount in controversy is sufficient to establish diversity jurisdiction. Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,0000. *See id.* § 1793.2(d)(2)(C).

In the Notice of Removal, Defendant alleges Plaintiff's actual damages pleaded are $37,848.13, "[b]ased on the numbers provided in Plaintiff's Purchase Contract, as well as repair orders in possession of Ford[.]" NoR at 10. In its response to the

3

court's order to show cause, Defendant argues $42,901.85 in actual damages are at issue. Def. Resp. at 4. Defendant calculates this figure by taking the total amount Plaintiff owed in the sales contract (after taxes and financing) and subtracting a mileage offset of 3,554 miles. *Id.* at 3–4. Defendant, however, does not present evidence of when Plaintiff's first delivery for repair occurred. *See id.*; Dkt. 21-1 (Proudfoot Decl.). Furthermore, Defendant's statements in its response to the OSC conflict with its assertions and calculations in a declaration submitted by its counsel, Mr. Proudfoot, in support of the Notice of Removal. There, Mr. Proudfoot stated Plaintiff paid only $21,578.04 as of the removal and calculated a mileage offset of 31,628 miles based on the exhibits attached to the declaration. *See* Dkt. 3 at 3–4. Using these figures, it appears that a reasonable estimate of Plaintiff's actual damages was $15,890.79, as of the removal. *See* Cal. Civ. Code § 1793.2(d)(2)(C).

Defendant argues two additional damages categories bring the amount in controversy to over $75,000: civil penalties and attorney's fees. For the following reasons, however, the court finds Defendant's estimates of these categories are speculative and insufficient to bring the amount in controversy past the jurisdictional threshold.

### B. Civil Penalties

"A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages." *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted). However, "'[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed.'" *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quoting *Castillo v. FCA USA, LLC*, Case No. 3:19-cv-00151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)). "To satisfy

4

its burden, the removing party 'must make some effort to justify the assumption by, for example, pointing to allegations in the [c]omplaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty.'" *Id.* (quoting *Zawaideh v. BMW of N. Am., LLC*, Case No. 3:17-cv-02151-W-KSC, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018)).

District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy. *See Estrada*, 2021 WL 223249, at *3 (collecting cases and remanding where inclusion of civil penalties to establish amount in controversy was "too speculative and not adequately supported by the facts and evidence").  This is because "[s]imply assuming a civil penalty [will be] award[ed] is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (quotation marks omitted); *see also Zawaideh*, 2018 WL 1805103, at *2; *Khachatryan*, 2021 WL 927266, at *2.

Defendant argues a civil penalty of twice the repurchase price of the Subject Vehicle should be included in the amount in controversy "since Plaintiff is also requesting civil penalties of up to twice their actual damages amount[.]" Def. Resp. at 4; NoR at 8, 10.  Defendant, however, does not point to any allegations of the Complaint or present evidence regarding willfulness, or otherwise establish that an award of civil penalties is not speculative.  *See id*.  Accordingly, Defendant fails to meet its burden to demonstrate by a preponderance of the evidence that civil penalties of two times actual damages should be included in the amount in controversy.  *See Estrada*, 2021 WL 223249, at *3.

/ / /

### C. Attorney's Fees

In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). A removing defendant, however, bears the burden "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR-AGS, 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *cf. D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the [Song-Beverly] Act settle early."). A defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hour or billing rates that might apply." *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021).

Defendant argues "Plaintiff's attorneys in Song Beverly cases tried or prepared for trial regularly request more than $ 65,000." Def. Resp. at 6–7. Defendant, however, does not discuss the facts of the cases cited or explain how those cases were in any way analogous to the case at hand. *See id.* The fact that Plaintiffs' counsel sought and obtained significant attorney's fee awards in other actions involving the

6

Song-Beverly Act is alone insufficient to demonstrate it is more likely than not that Plaintiffs will incur a similar fee award here. *See Kaplan*, 2021 WL 4352340, at *6. Defendant's argument, thus, fails.

## CONCLUSION

In sum, Defendant fails to meet its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum for federal jurisdiction based on diversity. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 23GDCV00313. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: October 10, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge